UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                                :
BANK OF NEW YORK                :    Civ. No. 3:17CV01408(CSH)
                                :
v.                                     :
                                :
ANDREW CONSIGLIO               :
                                :    October 2, 2017
------------------------------x

**RECOMMENDED RULING**

Defendant Andrew Consiglio ("defendant"), proceeding as a self-represented party, seeks to remove to this court a foreclosure action pending in the Connecticut Superior Court, Judicial District of Stamford/Norwalk. [Doc. #1]. Now before the Court is defendant's Motion for Leave to Proceed in Forma Pauperis. [Doc. #2]. For the reasons set forth herein, the Court recommends that defendant's Motion for Leave to Proceed in Forma Pauperis be **DENIED, without prejudice, to re-filing**, and that this matter be **REMANDED** to the state court for lack of subject matter jurisdiction.

**I.   Background**

On August 18, 2017, defendant filed a Notice of Removal ("Notice") seeking to remove a foreclosure action brought by plaintiff Bank of New York ("plaintiff") against defendant, which is currently pending in the Connecticut Superior Court.

1

See generally Doc. #1. Plaintiff filed the foreclosure action on March 10, 2008. See id. at 16.

Defendant attaches to the Notice: (1) a "Motion for Removal," the caption of which reflects the "United States District Court for the Southern District of New York";[1] (2) the state court foreclosure complaint; and (3) what purports to be a "verified civil complaint" brought by defendant against plaintiff. See generally id. at 4-25.

It appears that defendant attempts to remove this action based on "newly discovered information that was not known to the purported Defendant prior to the filing of the State Court foreclosure action." Id. at 2, ¶g. This "newly discovered information" is set forth in defendant's "verified civil complaint," which alleges claims for "fraud in the factum and fraud in the inducement," fraudulent conversion, unfair business practices, and breach of contract. See id. at 6-15. Defendant's unfair business practices claim asserts that plaintiff has violated the Fair Debt Collection Practices Act, the Truth in Lending Act, the Fair Trade Practices Act, the Connecticut Unfair Trade Practices Act, and the Uniform Commercial Code. See id. at 13.

---

[1] It is not apparent whether this document was ever filed in the Southern District of New York.

**II. Motion for Leave to Proceed <u>in</u> <u>Forma</u> <u>Pauperis</u>**

Defendant has filed a motion seeking to proceed without payment of fees and costs. [Doc. #2]. Defendant's motion includes a financial affidavit averring that he is unable to afford to pay fees and costs. <u>See</u> <u>id.</u> at 2-5. The motion is signed not by defendant, but by a third party, Heather Lindsay, though defendant's name is hand written above the signature block. <u>See</u> <u>id.</u> at 1. The financial affidavit is signed only by Heather Lindsay.[2] <u>See</u> <u>id.</u> at 5. The motion and financial affidavit fail to identify what authority Ms. Lindsay has to execute the financial affidavit or her relation, if any, to defendant.[3]

---

[2] Ms. Lindsay has previously filed materials in this Court. <u>See</u> <u>United States v. Ahuja</u>, No. 14CV1558(JCH), Doc. #130 (D. Conn. Dec. 5, 2016). There, she sought <u>in</u> <u>forma</u> <u>pauperis</u> status in an application remarkably similar to the one she has filed here. <u>See</u> <u>id.</u> at Doc. #130-2.

[3] The Court does not address this issue in detail, in light of the other deficiencies discussed, <u>infra</u>. However, the Court notes that on August 25, 2017, plaintiff filed a First Motion to Remand to State Court. [Doc. #6]. In that motion, plaintiff represents that on June 29, 2017, "the Stamford Probate Court issued an order appointing a conservator over Defendant's estate." <u>See</u> <u>id.</u> at 10-11. According to documents attached to plaintiff's motion, that conservator is Ms. Lindsay, who has "authority over the [defendant's] financial affairs" including "[c]laims and litigation[.]" <u>See</u> Doc. #6-5 at 1. Accordingly, it is unclear who, if anyone, has standing to remove the state court foreclosure action. The Court does not reach that issue at this time.

"The court may deny an application to proceed in forma pauperis if [the applicant] fails to submit the required financial information or fails to demonstrate entitlement to in forma pauperis relief." Whatley v. Astrue, No. 5:11CV1009(NAM)(ATB), 2011 WL 5222908, at *1 (N.D.N.Y. Oct. 14, 2011), report and recommendation adopted, 2011 WL 5196716 (Oct. 31, 2011) (citation omitted). Here, defendant's application is deficient in several respects.

First, although defendant states in the financial affidavit that he owns real property, he fails to include any information with respect to the property's estimated value or any other related information. [Doc. #2 at 3-4]. This violates the statutory requirement that defendant provide "a statement of all assets" he possesses. 28 U.S.C. §1915(a)(1).

Second, defendant has failed to provide adequate information to establish that he is "unable to pay" the ordinary filing fees required by the Court. 28 U.S.C. §1915(a)(1); see also Decristofaro v. United States, 74 Fed. Cl. 717, 719 (2006) ("[P]ursuant to 28 U.S.C. §1915(a)(1), in order to qualify for in forma pauperis status, an applicant must file an affidavit which includes a statement of assets, a statement that the applicant is unable to pay such fees or provide security, the nature of the action, defense or appeal, and that the affiant believes that he or she is entitled to redress."). Specifically,

4

defendant fails to adequately complete that portion of the financial affidavit concerning his receipt of disability benefits. See Doc. #2 at 3. The Court is unable to determine whether defendant receives $729.00 in benefits on a weekly or monthly basis, which directly impacts the Court's analysis concerning whether defendant should be permitted to proceed without payment of fees and costs. See id. The affidavit also contains no information regarding the defendant's last employment. See id. These deficiencies result in an incomplete application from which the Court cannot make an accurate determination of the defendant's financial status. Courts within this Circuit have denied similarly deficient motions as incomplete. See Med./Surgical Grp. Tr. v. New York State Energy Research & Dev. Auth., No. 13CV1109(LEK)(CFH), 2013 WL 8350149, at *1 (N.D.N.Y. Dec. 6, 2013), report and recommendation adopted sub nom. Med./Surgical Grp. Tr. v. New York State Energy Research & Dev. Auth., Inc., 2014 WL 1666446 (Apr. 24, 2014) (plaintiff's failure to include details regarding the frequency and future expectancy of disability payments rendered the application incomplete); Schwarz v. I.R.S., 998 F. Supp. 201, 202 (N.D.N.Y. 1998) (denying application to proceed in forma pauperis as incomplete where plaintiff failed to complete application).

Therefore, the Court **DENIES, without prejudice to re-filing,** the motion to proceed in forma pauperis. [**Doc. #2**].

**III. Initial Review**

    **A.**     <u>**Standard of Review**</u>

The determination of whether an in forma pauperis applicant should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether the applicant may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(i),(ii).

The Court has found that defendant has not established eligibility to proceed in forma pauperis. However, in the interest of efficiency, and because the Court has identified a potential lack of jurisdiction, the Court will proceed to review the merits of defendant's Notice. In conducting this review, the Court remains mindful of its obligation to liberally construe the filings of self-represented parties to raise the strongest arguments they might suggest. See <u>McLeod v. Jewish Guild for the Blind</u>, 864 F.3d 154, 156 (2d Cir. 2017).

**B.     <u>Analysis: Timing of Removal and Diversity Jurisdiction</u>**

The Court turns first to the timeliness of defendant's Notice. "Ordinarily, a defendant must effectuate removal of a case within 30 days of its receipt of the initial summons or complaint." <u>Spencer v. Duncaster, Inc.</u>, 54 F. Supp. 3d 171, 174 (D. Conn. 2014) (citing 28 U.S.C. §1446(b)(1)). Here, the foreclosure action defendant seeks to remove was filed on March 10, 2008. <u>See</u> Doc. #1 at 16. A return of service attached to plaintiff's First Motion to Remand to State Court reflects that defendant was served with the foreclosure complaint at the latest on March 26, 2008. <u>See</u> Doc. #6-4. Defendant filed the Notice on August 18, 2017, more than nine years after the deadline for removal had passed.

Where a case is removed on the basis of diversity jurisdiction, however, section 1446(c) permits removal "more than 1 year after commencement of the action" where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. §1446(c). Although defendant's Notice does not explicitly invoke diversity jurisdiction, his "verified civil complaint" states that "Jurisdiction for Removal ... is based upon: ... 28 U.S.C. §1332[,]" which is the diversity statute. Doc. #1 at 7. The "verified civil complaint" further alleges that plaintiff "deliberately failed to disclose the actual amount in

7

controversy to prevent removal." Doc. #1 at 9. Accordingly, the Court considers whether the removal is timely under section 1446(c).

Defendant's contention that plaintiff deliberately failed to disclose the actual amount in controversy is baseless. The face of the state court foreclosure complaint alleges that defendant was in default of a promissory note with an unpaid balance of $500,000, plus interest, late charges, and collection costs. See Doc. #1 at 17. Such an allegation easily satisfies the amount in controversy requirement for purposes of diversity jurisdiction. See 28 U.S.C. §1332(a).

Defendant's "verified civil complaint" also conclusorily alleges that plaintiff fraudulently joined a non-diverse defendant and engaged in bad faith "gamesmanship," and thus the state court foreclosure matter may be removed to federal court "at any time pursuant to 28 U.S.C. §1446." Doc. #1 at 8-10. Defendant's arguments miss the mark. First, even if plaintiff "fraudulently joined" a defendant to the state court action, which the Court does not opine on here, defendant, a resident of Stamford, Connecticut, see Doc. #1 at 3, Doc. #2 at 2, cannot seek removal of the state court foreclosure action on the basis of diversity. "The removal statute allows for removal on the basis of diversity jurisdiction only if none of the defendants 'is a citizen of the State in which such action is brought.'"

Countrywide Home Loans, Inc. v. Young, No. 2:13CV50, 2013 WL 1386289, at *1 (D. Vt. Apr. 4, 2013) (quoting 28 U.S.C. §1441(b)(2)). Here, because defendant is admittedly a citizen of Connecticut, the state in which the underlying foreclosure action was brought, he cannot avail himself of the removal provision in 28 U.S.C. §1441(b).

Finally, in connection with his claim that plaintiff engaged in "gamesmanship" which prevented timely removal of the foreclosure complaint, defendant alleges that he recently discovered "intrinsic and extrinsic fraud on the Court perpetrated by Plaintiff(s)[.]" Doc. #1 at 10. The Court construes this as alleging that plaintiff engaged in "bad faith" pursuant to 28 U.S.C. §1446(c), and therefore, the Notice is timely pursuant to that section. Again, however, defendant's argument fails.

> The plain language of the removal statute [section 1446(c)] makes clear that, for otherwise untimely removal to be allowed, the 'bad faith' invoked must relate to a party's conduct obscuring facts that would otherwise justify removal. Other courts within this Circuit have explained — and this court agrees — that the phrase 'bad faith' in section 1446 relates to nefarious conduct that aims to defeat an opponent's right to remove. See Ehrenreich v. Black, 994 F. Supp. 2d 284, 288-89 (E.D.N.Y. 2014).

J.P. Morgan Chase Bank, N.A. v. Caires, No. 3:17CV1298(JCH), 2017 WL 3891663, at *3 (D. Conn. Sept. 6, 2017), reconsideration denied, 2017 WL 4071137 (Sept. 14, 2017). Here, defendant's

9

allegations of plaintiff's "gamesmanship" do not relate to an improper effort to defeat diversity jurisdiction, but rather to the merits and conduct of the state court foreclosure action. Even if defendant were able to avail himself of the removal provision in section 1441(b), the allegations of "gamesmanship" would not excuse the untimely removal at issue here.

Accordingly, defendant's Notice is untimely as it was filed over nine years after the state foreclosure matter was instituted. Additionally, defendant, as a resident of Connecticut, cannot avail himself of removal to this Court on the basis of diversity jurisdiction. The Court turns next to whether it has federal question jurisdiction over this matter.[4]

### C. Analysis: Federal Question Jurisdiction

Defendant cites federal question jurisdiction as an additional basis to support removal. "As the Supreme Court has observed, 'federal courts have an independent obligation to ensure that they do not exceed the scope of their

---

[4] There appears to be an unresolved question in this Circuit as to whether a court may sua sponte remand a matter more than 30 days after removal where a timely motion for remand has been filed. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006). The Court finds that it does not have subject matter jurisdiction over this action, and recommends remand on that basis. Therefore, it does not recommend remand on the basis of the Notice's procedural defects.

10

jurisdiction.'" Spencer v. Duncaster, Inc., 54 F. Supp. 3d 171, 176 (D. Conn. 2014) (quoting Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011)).

District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Courts have long held that in order "to determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6, (2003).

> Under the longstanding well-pleaded complaint rule, however, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law. Federal jurisdiction cannot be predicated on an actual or anticipated defense. ... Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.

Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (internal citation and quotation marks omitted)).

Plaintiff's complaint sounds solely in foreclosure and does not suggest any basis for federal question jurisdiction. In that regard, "it is well settled that judgments of foreclosure ... are fundamentally matters of state law." Muong v. Fed. Nat. Mortgage Ass'n, No. 13CV6564(KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) (collecting cases). Defendant's "verified civil complaint," even if construed as a defense or counterclaim to plaintiff's complaint, also cannot serve as the basis for federal question jurisdiction to support removal of

11

this matter, even if it asserts violations of federal law. See Vaden, 556 U.S. at 60 ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." (footnote omitted)); see also Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 762 (2d Cir. 1986) ("A federal issue raised by way of defense will not support removal jurisdiction." (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 14 (1983)))).[5] Therefore, the Court lacks subject matter jurisdiction over this case.

Accordingly, for the reasons stated, the Court finds there is no valid basis upon which this case may be removed from state court, and this Court lacks jurisdiction over the matter. Pursuant to the removal statute, a case must be remanded, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. §1447(c). Therefore, the Court recommends that this matter be **REMANDED** to

---

[5] To the extent defendant attempts to collaterally attack any judgment entered in the state court foreclosure action, under the Rooker-Feldman doctrine, federal district courts generally lack jurisdiction to review final state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); see also Russo v. GMAC Mortg., LLC, 549 F. App'x 8, 9-10 (2d Cir. 2013) (applying Rooker-Feldman to bar claims for injuries caused by state court foreclosure judgment); Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016) (finding Rooker-Feldman barred plaintiffs' claims that bank had violated Constitution in foreclosing upon their home).

the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford for lack of subject matter jurisdiction.

Finally, to the extent defendant seeks to file his "verified civil complaint" by way of the Notice of Removal, this is not the proper means by which to institute a civil action. If defendant wishes to pursue affirmative claims against plaintiff, he must commence a separate civil action. The Court does not here comment on the merits of defendant's "verified civil complaint" as it is not properly before the Court.

## IV. Conclusion

For the reasons set forth herein, the Court recommends that defendant's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**] be **DENIED, without prejudice, to re-filing.** If defendant elects to file a renewed Motion for Leave to Proceed in Forma Pauperis, he must either sign it himself, or provide more notice to the Court of the authority of Ms. Lindsay to act on his behalf. The Court further recommends that this matter be **REMANDED** to the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford for lack of subject matter jurisdiction.

This is a recommended ruling. See Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served**

13

**with this order.** See Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days may preclude appellate review. See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 2nd day of October, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE