# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF NEW YORK, <br><br> Plaintiff, <br> v. <br><br> ANDREW CONSIGLIO, <br><br> Defendant. | 3:17-cv-01408 (CSH) <br><br> **November 1, 2017** |

## ORDER ADOPTING RECOMMENDED RULING AND REMANDING TO STATE COURT

**HAIGHT, Senior District Judge:**

On August 18, 2017, Defendant Andrew Consiglio ("Defendant" or "Consiglio"), appearing *pro se*, filed a Notice of Removal [Doc. 1] removing from the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford ("the state court" or "the Superior Court") a foreclosure action brought against him by Plaintiff Bank of New York. On the same date Defendant filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc. 2], which was referred by this Court to Magistrate Judge Sarah A. L. Merriam. Judge Merriam's Recommended Ruling [Doc. 9] counsels the Court to deny the instant Motion and, further, to remand this matter to state court for lack of subject matter jurisdiction. Recommended Ruling 1. The Defendant has filed an Objection [Doc. 10] to the Recommended Ruling. This Order considers and rejects the objections raised to Judge Merriam's opinion, reviews the remainder of that opinion for plain error, and accepts Judge Merriam's Ruling *in toto*. This Order further considers Plaintiff's request for reasonable attorney's fees and costs, made by its Motion for Remand to State Court [Doc. 6].

# I. STANDARD OF REVIEW

The standard of review for a district court's evaluation of a magistrate judge's recommended ruling depends on whether a party has filed a timely written objection to the magistrate judge's "proposed findings and recommendations." 28 U.S.C. § 636(b)(1). Written objections are timely if the objecting party serves and files them "within fourteen days after being served with a copy" of the magistrate judge's proposed findings and recommendations. *Id.* The statute further provides: "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A district court reviews only for "clear error" those portions of a magistrate judge's recommended ruling as to which no specific objection was made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002) ("A district court evaluating a Magistrate's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous" (quoting Fed. R. Civ. P. 72(b))).

In sum, I will conduct a *de novo* review of the objected-to portions of the Recommended Ruling, and I will then review the remainder of the Recommended Ruling under a "clearly erroneous" standard.

# II. DISCUSSION

## A. Defendant's Objections to the Recommended Ruling

Defendant filed his Objection [Doc. 10] on October 16, 2017, fourteen days after Judge Merriam issued her Recommended Ruling [Doc. 9]. While this filing met the statutory deadline for

objection, it was not made in strict compliance with the requirements of Local Rule of Civil Procedure 5, which governs the service and filing of pleadings and other papers.

Local Rule of Civil Procedure 5(c) provides that "[p]roof of service may be made by written acknowledgment of service by the party served, by a certificate of counsel for the party filing the pleading or papers, by a certificate of the self-represented party filing the pleading or papers, or by affidavit of the person making the service." Defendant's Objection is accompanied by a "Certificate of Service" purporting to certify that a copy of the filing was sent to Plaintiff's counsel by first class mail. The purported Certificate is signed by one Heather Lindsay ("Lindsay"), who the signature block identifies as "Conservator of Andrew Consiglio" and "Media Relations Specialist for Foreclosure Revolution Cooperative Society."[1] As Local Rule 5(c) makes clear, the only individuals

---

[1] Lindsay has represented herself as Consiglio's "conservator" throughout this federal action, and in the state action below. As Judge Merriam notes in her Recommended Ruling, Plaintiff's Motion to Remand is supported by a state court document naming Lindsay as Consiglio's conservator, and granting her authority over Defendant's financial affairs, including "[r]eal property, subject to C.G.S. section 45a-656b" as well as "[c]laims and litigation." *See* Recommended Ruling 3 n. 3; Mot. to Remand, Ex. D. Plaintiff asserts that this court order deprives Consiglio of standing to remove this lawsuit. Pl. Br. 8. Whatever the scope of Lindsay's authority to represent Consiglio's interests, her filings in this Court are inappropriate, and no appearance or other filing can cure the defect. While Federal Rule of Civil Procedure 17(c)(1) authorizes conservators, among other fiduciaries, to sue or defend on behalf of a minor or incompetent person, that authority does not extend to the representation of *pro se* minors or incompetents by non-attorney conservators:

> The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in [28 U.S.C.] § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.

*Berrios v. N.Y. City Housing Auth.*, 564 F.3d 130,134 (2d Cir. 2009). This Order, like Judge Merriam's Recommended Ruling, does not reach the question of Defendant's standing to remove this suit. *See* Recommended Ruling 3 n. 3.

who may file a certificate of service are party counsel and *pro se* parties. Lindsay is not a party to this matter, and, indeed, has not entered any appearance. In a strict reading of the Rules, her "Certificate of Service" is therefore invalid, and the filing to which it is attached was not properly filed within the statutory time frame. However, in the interests of finality, I will proceed with the analysis of Defendant's objections as though they had been properly filed.

Defendant's filing raises three separate objections to Judge Merriam's findings. He objects to Judge Merriam's findings that (1) the Court lacks federal question jurisdiction; (2) the Court lacks diversity jurisdiction over this matter; and (3) the removal was untimely. I will address Defendant's objections in turn.

**1. Federal Question Jurisdiction**

So-called "federal question" or "arising under" subject matter jurisdiction is codified at 28 U.S.C. § 1331, which grants the federal courts "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the long-established "well-pleaded complaint rule," federal subject matter jurisdiction under § 1331 is limited to those cases in which the *complaint* relies upon some federal basis of law, and does not extend to cases where the defendant may raise some federal *defense*. *See Louisville v. Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("It is the settled interpretation of these words . . . that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.").

Here, Defendant's Notice of Removal [Doc. 1] asserts federal jurisdiction over the state court

Complaint, on the basis that "[t]his action is a Civil action of which the Federal Court has original jurisdiction under § 1331 . . . in that its causes of action arise[] under a federal question pertaining to the Fair Debt Collection Practices Act codified in 15 U.S.C. § 1692, et. seq., as well as HOEPA, RESPA, TILA and the Uniform Commercial Code (UCC)." Notice of Removal ¶ 2.

This characterization of the state court Complaint is not accurate, as Plaintiff asserts no federal cause of action, and its Complaint sounds squarely and solely in foreclosure, a quintessential state cause of action. *See, e.g., Muong v. Fed. Nat'l Mortgage Ass'n*, No. 13CV6564(KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) (collecting cases); *Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 102 (D. Conn. 2010). The Complaint is therefore not subject to removal under federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

If Defendant, by his Notice of Removal, intended to file federal counterclaims against the Plaintiff, his effort does not succeed in gaining entrance to the federal courthouse: "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). *See also Holmes Grp. Inc. v. Vornado Air Circulation Sys. Inc.*, 535 U.S. 826, 830 (2002) ("a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction"); *Derisme*, 743 F. Supp. 2d at 102.

In his Opposition, Defendant relies upon a Supreme Court case, *Lynch v. Household Finance Corp.*, 405 U.S. 538 (1972) to argue that this Court has federal question jurisdiction under § 1331. *Lynch*, however, is inapposite. In *Lynch*, the Supreme Court addressed the scope of a civil rights statute, 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343(3). *Id.* at 540-42. Because there are no § 1983 claims at issue here, and the jurisdictional statute § 1343 is not

implicated, any rule or holding from *Lynch* is not applicable to the case at bar.

## 2. Federal Diversity Jurisdiction

28 U.S.C. § 1332(a) grants federal courts jurisdiction over civil actions between parties of diverse state citizenship where the amount in controversy is greater than $75,000. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 must demonstrate that the grounds for diversity exist and that diversity is complete. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001). "For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced." *Bank of Am. Nat'l Ass'n v. Derisme*, 743 F. Supp. 2d 93, 103 (D. Conn. 2010) (citing *Durant, Nichols, Houston, Hodgson & Cortese-Costa PC v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)).

Defendant does not allege that he is domiciled in any place other than Connecticut, and indeed in his Objection to the Recommended Ruling states that he is a resident of the state of Connecticut. Obj. 5. Because Defendant appears to be a citizen of Connecticut, and has not alleged that he is a citizen of any other state, and Connecticut is the state in which the civil action is brought, this foreclosure action is not removable on diversity grounds. *See* 28 U.S.C. § 1441(b)(2); *see also Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) ("under 28 U.S.C. § 1441(b), Simithis's New York citizenship barred him from invoking diversity jurisdiction to remove this case to the Southern District"); *Speranza v. Leonard*, 925 F. Supp. 2d 266, 272 (D. Conn. 2013) (holding that removal based on diversity of citizenship was barred where defendant was

a resident of Connecticut, the state in which the action was brought); *Derisme*, 743 F. Supp. 2d at 102-03 (holding that despite a defendant's arguments otherwise, she was domiciled in Connecticut when she mortgaged her property and a foreclosure action against her began, and thus, could not remove the action to federal court).

## 3. Timeliness of Removal

In general, a notice of removal must be filed within thirty days after service of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1). There are, of course, exceptions to the thirty-day deadline, including 28 U.S.C. § 1446(b)(3), which allows removal within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* However, this exception is limited by 28 U.S.C. § 1446(c)(1), which provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* Although "[d]efects in removal procedure, including lack of timeliness, are not jurisdictional," the "statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Edelman v. Page*, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006)) (internal quotation marks omitted).

This action was commenced in the state court in March 2008 and Defendant did not seek to remove it until August 2017, which is well outside of the one-year period for removal, absent extenuating circumstances. Defendant asserts repeatedly that Plaintiff acted in bad faith, and

therefore, he should be excused from this deadline. However, Defendant fails to assert any facts from which the Court can conclude that Plaintiff acted in bad faith to prevent the removal of this action. Even if Defendant's Connecticut citizenship did not bar his removal of this case on diversity grounds, it was clear from Plaintiff's complaint that Plaintiff sought a remedy well in excess of $75,000. Plaintiff's state court Complaint asserted a claim against Defendant for, *inter alia*, an "unpaid balance of . . . $500,000.00 [on the Note and Mortgage], plus interest from October 1, 2007, late charges and collection costs." Compl. ¶ 5. It is clear that, given the amount due and owing on the Note and Mortgage, the amount in controversy well exceeded the jurisdictional requirement of $75,000.

Defendant argues that his removal of this case was not untimely because, "as a result of the purported Defendant's personal investigation on or about August 18, 2017, the purported Defendant discovered that the case is removable by the fact that the purported Plaintiff, BANK OF NEW YORK as Trustee, has been operating as Trustee of the PSA in contravention of the trust documents." Obj. 3. Even assuming this to be true, it does not demonstrate that Plaintiff acted in bad faith, in an effort to conceal or avoid the removable nature of the lawsuit (though, as explained above and by Judge Merriam's Recommended Ruling, this lawsuit is *not* of a removable nature.)

There was no bad faith or ill intention by Plaintiff here, or in the other cases cited by Defendant in his Notice of Removal. Instead, it was clear from the Complaint that the amount in controversy exceeded the jurisdictional requirement and Plaintiff simply sought to comply with the applicable state law with the demand section in its Complaint. Regardless of what Defendant subsequently discovered, Defendant's removal nine years after commencement of the action is

untimely.[2]  *See* 28 U.S.C. § 1446(c)(1).

## B. The Remainder of Judge Merriam's Ruling

The Court has reviewed the remaining aspects of the Recommended Ruling, chiefly consisting of analysis and rejection of Defendant's Motion to Proceed *in Forma Pauperis*, for "clear error."  It has found none.

### III. ATTORNEY'S FEES AND COSTS

Plaintiff has, as noted, filed a Motion to Remand to State Court [Doc. 6] in this matter.  By supporting memorandum, Plaintiff also requests reasonable attorney's fees and costs incurred in the preparation and filing of its Motion. Pl. Br. 1.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Such an award may be made without a showing of bad faith or frivolity, and deciding whether to make the award requires consideration of the overall nature of the case, circumstances of the remand, and effect on the parties.  *See Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992).

As described in detail above, Defendant clearly did not have a reasonable basis for alleging

---

[2] In addition, the Ninth Circuit case relied upon by Defendant has no application to this case. In *Roth v. CHA Hollywood Medical Center L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013), the Ninth Circuit held that a defendant can remove a case outside the two thirty-day periods imposed by § 1446(b)(1) and (b)(3) on the basis of its own information if the defendant has not run afoul of either of those deadlines.  Here, Defendant has, in fact, run afoul of those deadlines because it was reasonably ascertainable from the face of the complaint that the amount in controversy exceeds $75,000.  In any event, the court in *Roth* recognized that § 1446(c)(1) would provide a proper limit on its holding non-class action diversity cases by requiring that they be removed within one year from the commencement of the action.  720 F.3d at 1126.  Thus, the holding in *Roth* does not mean that the limitation in § 1446(c)(1) would not apply even if Defendant could have otherwise removed the action.  It does, and it bars Defendant's removal here.

that this action was removable or that the removability of it was concealed by Plaintiff in bad faith. Defendant's removal has delayed the ultimate adjudication of the merits of the action, which commenced over nine years ago, and caused unnecessary expenditures of fees and time by Plaintiff and this Court addressing his removal. Defendant's failure to address the governing law is consistent with a willingness on Defendant's part to needlessly consume the time of this Court and the energies of opposing counsel; surely Defendant's conduct of the case had those negative effects. Given these circumstances, the Court will award Plaintiff its fees and reasonable costs related only to this removal. *See Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 473-74 (S.D.N.Y. 2006) (awarding fees and costs where complaint alleged elements of cause of action against non-diverse defendants and defendants failed to support claim of fraudulent joinder).

Plaintiff is directed to submit an affidavit itemizing such costs and fees as well as supporting the reasonableness of any attorneys' fees sought on or before **November 22, 2017**. Plaintiff's application for attorney's fees and expenses must comply with the Second Circuit's requirements articulated in *New York State Association for Retarded Children Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). Defendant may file any objections on or before **December 6, 2017**, and the matter will then be ripe for decision.

### IV. CONCLUSION

Defendant's objections are OVERRULED AND DENIED.

Judge Merriam's Recommended Ruling on Cross Motions [Doc. 9] is ACCEPTED IN FULL.

As a result, Plaintiff's Motion to Remand to State Court [Doc. 6] is GRANTED, and Defendant's Motion to Proceed *in Forma Pauperis* [2] is DENIED without prejudice to refiling.

Further, for the reasons set forth herein, this Court GRANTS Plaintiff's motion to recover

from Defendant its costs and reasonable attorneys' fees. The Parties shall make submissions with respect to costs as directed. This Court shall retain jurisdiction over the Parties solely for the purpose of setting the amount of costs and attorneys' fees if submitted by Plaintiff. This case shall be remanded forthwith to the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford. The Clerk of the Court is directed to close this case, without prejudice to reopening if Plaintiff submits an application for attorney's fees and costs in proper form.

It is SO ORDERED.

Dated: New Haven, Connecticut
       November 1, 2017

       /s/ Charles S. Haight, Jr.
**CHARLES S. HAIGHT, JR.**
**SENIOR UNITED STATES DISTRICT JUDGE**